IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marlene Hopkins and Jennifer Turnbull, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Franklin Collection Service, Inc., a Mississippi corporation, <br><br> Defendant. | No. 11 C 2271 <br><br> <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiffs, Marlene Hopkins and Jennifer Turnbull, individually and on behalf of all others similarly situated, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiffs, Marlene Hopkins ("Hopkins") and Jennifer Turnbull ("Turnbull",

1

are both citizens of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect delinquent consumer debts allegedly owed to AT&T for telephone services.

4. Defendant, Franklin Collection Service, Inc. ("Franklin"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts, in the Northern District of Illinois, and was acting as a debt collector as to the AT&T debt it attempted to collect from each Plaintiff.

5. Defendant Franklin is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Franklin conducts business in Illinois.

6. Moreover, Defendant Franklin is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Franklin acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Franklin sent Ms. Hopkins and Ms. Turnbull initial form collection letters, dated August 12, 2010 and April 17, 2010, respectively, demanding payment of a debt each allegedly owed to AT&T -- $37.25 owed by Ms. Hopkins and $642.70 owed by Ms. Turnbull. These form letters set forth a "CASE NUMBER" and further stated, in pertinent part:

* * *

> IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL CONTACT YOUR ATTORNEY REGARDING OUR POTENTILA REMEDIES OR CALL THE NUMBER ABOVE.
> ****IT WILL BE PURSUED TO CONCLUSION!****
>
> * * *
>
> HAVE YOUR CASE NUMBER AND CHECKING ACCOUNT NUMBER READY WHEN YOU CALL OR YOU MAY PAY BY CREDIT CARD BY COMPLETING THE BACK SIDE OF THIS NOTICE.
>
> * * *

Copies of these letters are attached as Exhibits C (Ms. Hopkins) and D (Ms. Turnbull), respectively.

8. Neither Franklin, nor its client, AT&T, file lawsuits to collect upon such small sums, nor was Franklin going to pursue collection of these debts to any sort of conclusion – other than sending out the collection letters at issue.

9. The statements in Defendant's form collection letter are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

## Violation of § 1692e Of The FDCPA -- False Threat Of A Lawsuit Or Further Collection Action

10. Section 1692e of the FDCPA prohibited Defendant Franklin from making any false, deceptive or misleading statements while attempting to collect debts. Moreover, § 1692e(5) of the FDCPA prohibits debt collectors from making any threat "to take any action … that is not intended to be taken".

11. Defendant Franklin's letter violates § 1692e(5) of the FDPCA by falsely threatening, or even mentioning, litigation – including a purported "case number", telling

3

Plaintiffs to consult their attorney about Franklin's "REMEDIES", and threatening to pursue collection to a "CONCLUSION" -- when neither Franklin, nor its client, AT&T, files suit to collect small sums like those owed by Plaintiffs, nor does Franklin "pursue" anyone any further than sending out the form letters at issue.

12. Defendant Franklin's violations of § 1692e(5) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

13. Plaintiffs, Marlene Hopkins and Jennifer Turnbull, bring this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt owed to AT&T, from one year before the date of this Complaint to the present, via the same collection letters that are attached as Exhibits C and D. This action seeks a finding that the form of Defendant's collection letter violates the FDCPA, and asks that the Court award statutory damages as authorized by § 1692k (a)(2) of the FDCPA.

14. Defendant regularly engages in debt collection using the same form letters received by Hopkins and Turnbull in its attempts to collect delinquent debts from other consumers.

15. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form letters it sent to Plaintiffs Hopkins and Turnbull.

16. The Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought

4

on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

18. Plaintiffs Hopkins and Turnbull will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiffs, Marlene Hopkins and Jennifer Turnbull, pray that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiffs as Class Representatives of the Class, and their attorneys as Class Counsel;

3. Find that the form of Defendant's collection letter violates the FDCPA;

4.    Enter judgment in favor of Plaintiffs and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Marlene Hopkins and Jennifer Turnbull, demand trial by jury.

    Marlene Hopkins and Jennifer Turnbull, individually and on behalf of all others similarly situated,

    By: /s/ David J. Philipps
    One of Plaintiffs' Attorneys

Dated: April 4, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com